UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

UNITED STATES OF AMERICA         *

v.                                              *          Crim. No. GJH-20-0263

MARVEL DAVID YARBOROUGH    *

      *   *   *   *   *   *   *   *   *   *

### DEFENDANT'S SENTENCING MEMORANDUM

Mr. Marvel David Yarborough's sentencing is set for August 5, 2021. On May 11, 2021, Mr. Yarborough pled guilty to possession with the intent to distribute a controlled substance and felon in possession of a firearm in furtherance of a drug trafficking crime.

### I.   Introduction.

Mr. Marvel Yarborough elected to plead guilty because he accepts responsibility for his short sighted and poorly thought out offense conduct. Mr. Yarborough, with time and constructive intervention and through vocational training and opiate addiction treatment, hopes to find insights as to why he has without much thought shortchanged himself and his young family's future. He hopes to evolve into a mature man and become a constructive and law abiding member of the community. He recognizes that there are consequences to be paid and perhaps in order to escape the negative pull of his current environment, some quiet time with structured opiate addiction treatment is needed.

On behalf of Mr. Marvel Yarborough, the defense submits that an appropriate sentence in this case is 78 months. Applying the 3553(a) factors to Mr. Yarborough, a low end Rule 11 (c)(1)(C) range of 78 months represents a sentence that is "sufficient but not greater than necessary to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85, 101 (2007).

## II. Guideline Range.

The Pre-Sentence Report ("PSR") calculates the final offense level for count two, possession with intent to distribute controlled substances, to be 21. PSR ¶ 29. Count three, possession of a firearm in furtherance of a drug trafficking crime, carries a mandatory minimum five years which must be imposed consecutive to any other count. PSR ¶ 30. With a Criminal History Category V, Mr. Yarborough's advisory guideline range for count two is 70 to 87 months. *Id.* ¶ 73.

## III. The Rule 11(c)(1)(C) Plea Agreement.

The plea agreement, which was entered pursuant to Rule 11(c)(1)(C), requests the Court to accept a stipulated agreed-upon sentencing range of 78 to 114 months or 6.5 to 9.5 years.

## IV. Application of § 3553(a) Factors Support a Sentence of 78 Months.

This Court must consider the guideline range but "may not presume that the Guidelines range is reasonable . . . [and] must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 49-50 (2007) (citing Rita v. United States, 551 U.S. 338, 351 (2007)); see also United States v. Raby, 575 F.3d 376, 380 (4th Cir. 2009) ("The Sentencing Guidelines are advisory, and

sentencing courts have discretion to sentence defendants within the statutory range regardless of whether the sentence falls within the Guidelines range or without."). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in fashioning an appropriate sentence. When a district court makes the "individualized assessment mandated by Gall, "it is permitted to give more weight to some 3553(a) factors than others." See United States v. Pauley, 511 F.3d 468, 476 (4th Cir. 2007). The Court's statutory mandate is to impose a sentence "sufficient but not greater than necessary to accomplish the goals of sentencing".

    a.    **The History and Characteristics of Mr. Marvel Yarborough.**

Mr. Yarborough was born on September 21, 1990, in Southeast Washington D.C., to Sharon Yarborough and Anthony Dawkins. His parents never married and his father was incarcerated on murder charge during Marvel's formative and teen years. What contact Marvel has with his father was through a phone and jail visits. One can only imagine the pain, confusion, resentment Marvel as a youth suffered.

Marvel grew up raised by his mother in Southeast Washington. He grew up in poverty and streets riddled by violence and drug trafficking. At 8 years old he witnessed a man shot at close range. Marvel grew up in a neighborhood he feared. PSR ¶ 56.

Marvel had attendance issues during his school years and was expelled in the 11th grade. Promisingly, while serving a previous sentence with the Bureau of Prisons ("BOP"), he was able to successfully obtain his GED in 2012. Marvel's drug abuse history began when he was 13 and has never stopped. He has used marijuana,

3

Percocet, heroin, and Fentanyl. Marvel suffers from chronic pain issues due back pain from Scoliosis and surviving a shooting where he was struck 8 times by bullets when he was 27 years old. PSR ¶¶ 60 - 63.

In the past, Marvel has demonstrated he does well with structure and supervision. He has in the past successfully completed BOP drug treatment in 2013 and outpatient treatment in 2018. PSR ¶ 64. Unfortunately, since his incarceration amidst the current COVID – 19 pandemic no treatment or programming has been available. This past year while incarcerated has been extremely harsh in light of limited movement, visitation, programming, and finally catching COVID – 19, after his ordered detention to the Chesapeake Detention Facility. See PSR ¶¶ 63, 64.

Despite Ms. Sharon Yarborough's best efforts, Marvel without the benefit of positive role models fell prey and ironically predator to the streets. He has a total of thirteen prior arrests and four convictions. Of the four, three are for firearm possession and one for car theft. PSR ¶'s 34 -49.

Marvel does not have a history of violence. It appears that fear of violence instilled in him at an early age, prompted his fascination with having a weapon. This is so despite being the victim of gun violence. The flawed thinking that prompted this and past offenses can be better addressed through treatment rather than an extended period of incarceration. Mr. Yarborough is a salvageable man who can yet turn the corner in his life. A little compassion and encouragement from this Court will go a long way in helping Marvel reverse course from a precipitous drop into oblivion.

Marvel is a father of two children. They are his son Aseem Yarborough, age 2, and daughter, Makayla Kelly, age 11. Marvel is fortunate to have the support and love of his mother, Ms. Sharon Yarborough and girlfriend Asheena Allen. Marvel is rueful that by his own hand he has contributed to the cycle of incarcerated parents whose absence invariably harm the ones they love most. He's committed to breaking this cycle for the sake of himself and family.

Mr. Marvel Yarborough stands by the statement of facts in his case as detailed in the PSR ¶'s 8 – 14.

## V. Conclusion.

Mr. Marvel Yarborough has taken responsibility for his conduct and the uncontemplated harm he has caused others by his weapon possession and low level drug dealing in the streets. He understands that he will have to live with the consequences of his past poor choices. He does not want to make any further installment payments on a life sentence. He has resolved to do better and he can do better. He no longer wishes to sabotage his future or disappoint the family and friends who support and believe in him.

On behalf of Mr. Yarborough, we respectfully ask the Court to impose a 78-month sentence with a focus on vocational training and opiate addiction treatment to address his mental, emotional, and substance abuse deficits. This request is sufficient but not more than necessary to meet the purposes of punishment and rehabilitation in light of Mr. Marvel Yarborough's difficult start in life.

I look forward to advancing this conversation further on August 05.

                              Respectfully submitted,

                              JAMES WYDA
                              Federal Public Defender
                               for the District of Maryland

                              __/s/_____
                              JOHN CHAMBLE (#22843)
                              Assistant Federal Public Defender
                              6411 Ivy Lane, Suite 710
                              Greenbelt, Maryland 20770
                              Telephone: (301) 344-0600
                              Facsimile: (301) 344-0019
                              Email: john_chamble@fd.org